**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gregory SILVEIRA, AKA Gordon
Michaels, Defendant-
Appellant.**

**No. 16-50223**

United States Court of Appeals,
Ninth Circuit.

Submitted August 7, 2017 *
Pasadena, California

Filed August 10, 2017

L. Ashley Aull, Jerry Chenwei Yang,
Assistant U.S. Attorneys, DOJ—Office of
the U.S. Attorney, Los Angeles, CA, for
Plaintiff-Appellee

James T. Duff, Attorney, Law Offices of
James T. Duff, Los Angeles, CA, for De-
fendant-Appellant

Before: CALLAHAN and OWENS,
Circuit Judges, and FABER,** District
Judge.

MEMORANDUM ***

Gregory Silveira ("Silveira") appeals
from the District Court's denial of his mo-
tion to withdraw his guilty pleas and his
subsequent motion for reconsideration. We

have jurisdiction pursuant to 28 U.S.C.
§ 1291, and we affirm.[1]

Pursuant to his pre-indictment plea
agreement, Silveira "waiv[ed] and g[ave]
up any right to appeal [his] convictions on
the offenses to which [he] ... plead[ed]
guilty." "A defendant's waiver of his appel-
late rights is enforceable if (1) the lan-
guage of the waiver encompasses his right
to appeal on the grounds raised, and (2)
the waiver is knowingly and voluntarily
made." *United States v. Rahman,* 642 F.3d
1257, 1259 (9th Cir. 2011) (citation omit-
ted). We will decline to enforce a waiver
meeting the preceding requirements "only
if the district court failed to comply with
Federal Rule of Criminal Procedure 11,
the court informed the defendant that she
retained the right to appeal, the sentence
did not comport with the terms of the plea
agreement, or the sentence violated the
law." *United States v. Brizan,* 709 F.3d
864, 866 (9th Cir. 2013).

Silveira's waiver meets the requirements
for enforcement. First, Silveira's waiver is
sufficiently broad to cover this appeal. *See,
e.g., Brizan,* 709 F.3d at 866 ("We have
consistently read general waivers of the
right to appeal to cover all appeals, even
an appeal from the denial of a motion to
withdraw a guilty plea." (citation omitted)).
Second, on its face, the transcript from
Silveira's plea hearing indicates that Sil-
veira knowingly and voluntarily agreed to
plead guilty and waive his appellate rights.
*See United States v. Jeronimo,* 398 F.3d
1149, 1157 n.5 (9th Cir. 2005) (assessing
whether a waiver was knowingly and vol-
untarily made by looking at the plea-hear-
ing transcript), *overruled on other grounds*

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

** The Honorable David A. Faber, United States
District Judge for the Southern District of
West Virginia, sitting by designation.

*** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.

1. As the parties are familiar with the facts and
procedural history, we restate them here only
as necessary to explain our decision.

by *United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc).

Silveira's arguments against enforcement of his appeal waiver—his plea hearing violated Rule 11 and he received ineffective assistance of counsel—are not persuasive. Contary to his claim otherwise, Silveira's plea hearing complied with Rule 11's requirement that there be an adequate factual basis for a defendant's plea. When determining if Rule 11 is satisfied, we "review only the record of the plea proceeding." *United States v. Portillo-Cano*, 192 F.3d 1246, 1250 (9th Cir. 1999). The offense that Silveira pleaded guilty to, 18 U.S.C. § 1956, requires that the defendant have: "(1) engaged in a financial transaction which involved proceeds from specified illegal activity, (2) knew the proceeds were from illegal activity, and (3) intended the transaction to promote the illegal activity." *United States v. Webster*, 623 F.3d 901, 908 (9th Cir. 2010) (citation and omission in original omitted). At the plea hearing, Silveira agreed that he had: (1) "participated in the operation of an illegal gambling operation"; (2) accepted $ 2.75 million from a "gambling client"; (3) knew that the accepted money "represented proceeds from [an] illegal sports betting" business in which he participated; (4) transferred portions of the accepted money on three occasions; and (5) "initiated these three transfers with the intent to promote the carrying on of an illegal gambling operation, in violation of 18 U.S.C. § 1955." This constitutes a sufficient factual basis for Silveira's pleas.

Finally, we review ineffective-assistance-of-counsel claims "on direct appeal only in the unusual cases where (1) the record on appeal is sufficiently developed to permit determination of the issue, or (2) the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *Rahman*, 642 F.3d at 1259–60. Here, neither of these requirements are met. Furthermore, to the extent Silveira requests that we remand this case to the district court for further development of the record, we deny it, as "we will not remand a case from direct appeal for fact-finding related to an ineffective assistance of counsel claim, but allow a defendant to pursue the issue in district court collateral proceedings." *Jeronimo*, 398 F.3d at 1156 (citation omitted). Accordingly, Silveira's appeal is **Dismissed.**